Williams *v.* Reilly.

WASHINGTON B. WILLIAMS, receiver &c.,

*v.*

PATRICK REILLY.

The treasurer of a savings bank, who was at the same time one of its managers, was charged by the receiver of the bank with dereliction and malfeasance in office.—*Held*, that his position as manager made him a trustee, and that consequently the statute of limitations was not a defence to the bill.

Bill for relief.  On general demurrer.

*Messrs. Williams & Cowles*, for complainant.

*Mr. Peter Bentley*, for demurrant.

THE CHANCELLOR.

The object of this suit is to establish and enforce the liability of the defendant to the depositors of the Mechanics and Laborers Savings Bank, in respect of sundry derelictions of duty on his part as treasurer of that corporation. He held the office from December 3d, 1869, to November 19th, 1877. The bill was filed August 31st, 1885. It states that the defendant was, during all the time that he held the office of treasurer, one of the managers of the bank ; the by-laws providing that all of the officers should be elected from the board of managers ; that he was negligent in the discharge of his duties with respect to certain illegal loans and advances, some of which were made by the managers upon the personal security of the borrowers upon promissory notes (and in one instance upon a chattel mortgage), and others upon real property ; that he paid out, or suffered to be paid out, sundry sums as such loans or advances without any order of the board or of its finance committee, and without any authority, except his own judgment or the request of the president ; and that he was negligent in the care of the funds by

leaving checks, drawn and signed by him, but blank as to· amount and payee, with the clerks of the bank, to be filled up· by the president, or at his direction, to persons and with amounts unknown to the defendant; and that the defendant says that the money for some of those loans or advances was drawn out on such checks without his actual knowledge. The only question presented by the brief of the counsel of the demurrant is whether this suit is not barred by the statute of limitations.

In the brief of the complainant's counsel it is said that the theory of the bill is that the defendant was a trustee, under a special trust, of such funds as came to his hands, with duties as· to the due care of those funds, and the disbursing thereof only in certain authorized ways, by which trust the duties were cre-- ated, and that they are evidenced partly by the meaning which the law attaches to the acceptance of the office denominated treasurer, and partly by the express provisions of the by-laws and usages under which he took and held office; that so far as they rest upon or are defined by by-laws or practice, they are set forth in the bill; and that the trust is clearly as much of an express trust as is the similar duty on the part of the several managers· to take care of the funds to the extent of their respective func- tions. While it is said that the object of this suit is to charge the defendant in respect of his conduct as treasurer, it is mani- fest that that is but an imperfect and inadequate statement of the scope of the bill. The object is to charge him, in the interest of the depositors, with dereliction of duty, as a manager holding an office of special trust in the management. The liability which the complainant thus seeks to establish, is one cognizable· in equity alone. The complainant claims that the defendant, in paying out, as treasurer, money illegally lent by the board of managers, was not protected by the action of the board in lend-- ing it or directing him to pay it; but that, on the contrary, it was his duty, because he was a manager, not to pay it, and to· refuse to co-operate in the illegal action of the board, and to· resist it; and that failure to do so rendered him liable to the· depositors for the amount of the illegal loans. This claim is manifestly wholly based upon the equitable obligation of the

defendant as a manager.  Had he not been a member of the board, he would have been liable, at law, to the corporation for his derelictions of duty and misfeasances in office.  The liability which the complainant seeks to establish and enforce is one not cognizable at law.  The case is therefore within the decision of *Williams* v. *McKay, 13 Stew. Eq. 189.*

The demurrer will be overruled.